**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

APR 1 8 2017

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JARED T. WOLFE

Criminal No. 17-113

[UNDER SEAL]

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Soo C. Song, Acting United States Attorney for the Western District of Pennsylvania, and Jerome A. Moschetta, Special Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a 3-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
| --- | --- | --- |
| 1 | Possession of a firearm by an unlawful user of a controlled substance / In and around April 2015 and continuing thereafter until in and around October 2015 | 18 U.S.C. § 922(g)(3) |
| 2 | Possession, sale or disposal of a stolen firearm / On or about July 9, 2015 | 18 U.S.C. § 922(j) |
| 3 | Possession, sale or disposal of a stolen firearm / On or about July 12, 2015 | 18 U.S.C. § 922(j) |

## II.  ELEMENTS OF THE OFFENSES

**A.    As to Count 1:**

In order for the crime of Possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That JARED T. WOLFE knowingly possessed the firearm(s) described in Count One of the Indictment;

2.    That JARED T. WOLFE was either an illegal user of, or addicted to, any controlled substance as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. § 802, at or near the time of his possession of the firearm(s); and

3.    That JARED T. WOLFE's possession of the firearm(s) was in or affecting interstate commerce.

Model Third Circuit Jury Instruction 6.18.922G and 6.18.922G-5 (modified).

**B.    As to Counts 2 and 3:**

In order for the crime of Possession, sale or disposal of a stolen firearm, in violation of 18 U.S.C. § 922(j), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That JARED T. WOLFE knowingly possessed, sold, or disposed of the firearm described in the Indictment.  This means that JARED T. WOLFE possessed the firearm purposely and voluntarily, and not by accident or mistake.  It also means that JARED T. WOLFE knew the object was a firearm;

2.    That at the time JARED T. WOLFE possessed it, the firearm was stolen, and JARED T. WOLFE knew or had reasonable cause to believe that the firearm was stolen.

2

However, the government is not required to prove that JARED T. WOLFE knew he was breaking the law; and

    3.      That the firearm had at some time traveled in interstate commerce, either before or after it was stolen.

Third Circuit Model Criminal Jury Instruction 6.18.922J (modified).

## III.  PENALTIES

**A.     As to each of the charged counts: Possession of a firearm by an unlawful user of a controlled substance (18 U.S.C. § 922(g)(3)); and Possession, sale or disposal of a stolen firearm (18 U.S.C. § 922(j)):**

    1.      A term of imprisonment of not more than ten (10) years (18 U.S.C. § 924(a)(2)).

    2.      A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

    3.      A term of supervised release of not more than three (3) years (18 U.S.C. § 3583(d)).

    4.      Any or all of the above.

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney

JEROME A. MOSCHETTA
Special Assistant U.S. Attorney
PA ID No. 203965